UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KIM CROOMS,

                                      Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER DAVID J. LUPPINO (Shield no. 06025), POLICE OFFICER NOREEN KELLY (Shield no. 07662), POLICE OFFICER JANE DOE,

                                      Defendants.

**ECF CASE**

**COMPLAINT**

06 CV 8133 (WHP) (THK)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. The case arises from an August 25, 2005 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, an illegal strip search, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New

York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's federally protected rights took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer David J. Luppino is a member of the NYPD, assigned to the Brooklyn North Narcotics Division, who was involved in the arrest of plaintiff on August 25, 2005.  Luppino is sued in his individual capacity.

7. Police Officer Noreen Kelly is a member of the NYPD, assigned to the Brooklyn North Narcotics Division, who was involved in the arrest of plaintiff on August 25, 2005.  Kelly is sued in her individual capacity.

8. Police Officer Jane Doe is a member of the NYPD who strip searched plaintiff in the 77th Precinct after plaintiff was arrested on August 25, 2005.

## STATEMENT OF FACTS

9. During the evening of August 25, 2005, plaintiff, a woman with no criminal record, and several other individuals, were standing, talking, and socializing outside a building on Pacific Street in Brooklyn, New York.

10. At all relevant times, plaintiff and the other individuals were obeying the law.

11. At approximately 7:35 p.m., defendants David J. Luppino and Noreen Kelly, two members of the NYPD's Brooklyn North Narcotics Division, arrested plaintiff without probable cause.

12. After placing plaintiff under arrest, the defendants took plaintiff to the 77th Precinct for arrest processing.

13. At the 77th Precinct, plaintiff was strip searched by either defendant Kelly or Jane Doe.

14. After the arrest process was completed, plaintiff was taken to Brooklyn Central Booking to await arraignment.

15. While plaintiff was awaiting arraignment, defendants Luppino and Kelly met with a prosecutor employed by the Kings County District Attorney's Office.

16. During this meeting, defendants misrepresented to the prosecutor that plaintiff had committed a narcotics offense.

17. As a result of defendants' misrepresentation, felony charges were filed against plaintiff.

18. Plaintiff was charged with sale and possession of crack cocaine.

19. Plaintiff subsequently had to appear in criminal court on numerous occasions.

20. Defendants' false arrest of plaintiff caused plaintiff to lose her job as a bus driver and forced plaintiff to go on public assistance.

21. As a result of defendants' actions, plaintiff experienced loss of a job, loss of income, emotional distress, loss of liberty, fear, embarrassment, humiliation, and physical discomfort.

**FEDERAL CLAIMS AGAINST DEFENDANTS
DAVID J. LUPPINO, NOREEN KELLY AND
JANE DOE**

22. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23. The conduct of defendants David J. Luppino, Noreen Kelly, and Jane Doe, as described herein, amounted to false arrest, an illegal strip search, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIMS AGAINST THE CITY OF
NEW YORK**

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25. The City of New York directly caused the constitutional violations suffered by plaintiff.

26. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

27. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

28. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: October 2, 2006
Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

_____
RICHARD J. CARDINALE (RC-8507)

5